No. 4856.

(Court of Appeal, Parish of Orleans.)

## GUS MAYER COMPANY, LIMITED, vs. F. VAUGHN GASQUET.

Jas. B. Rosser, Jr., for plaintiff and appellant.

B. J. Mayer for defendant and appellee.

DUFOUR, J.—This suit to recover from a husband the value of goods sold to his wife is based on the ground that he authorized the sale by opening an account at plaintiff's store, that he never notified plaintiff he would not pay the bill, and that the goods furnished were necessaries.

The first two claims are not sustained by the evidence.

The defendant absolutely denies that he ever authorized the opening of an account and one of the two witnesses for plaintiff says that Mrs. Gasquet told him to charge the purchase to her husband. He adds, however, that he does not know whether or not Gasquet heard her give the instructions.

Gasquet says he did not receive the bill and did not protest because he knew nothing of the circumstances; his wife contracted the debt after she had left his domicile, the goods were delivered to her at the store, and he has never seen her since.

He had previously paid but one bill of hers and it was contracted and paid before their marriage; notwithstanding the common-law authorities cited by plaintiff's counsel, we do not consider this to be a tacit consent to pay any debt the wife might incur after marriage.

The plaintiff's witnesses say that, although they do not know that the bill sued on was sent to defendant, it was the custom of the store to send out monthly statements.

Without further discussion of the testimony, we may say that the record does not warrant our rejecting the

— 200 —

conclusions of the District Judge in favor of defendant on the points we have just discussed.

The husband is bound to furnish his wife with whatever is required for the convenience of life, in proportion to his means and condition, and he is presumed by law to have authorized her contracts for necessaries for herself and family.

### R. C. C., 120, 1786.

But this is only in case he does not himself provide them.

The meaning of the term "necessaries" is relative and depends on the social and financial conditions of the parties, and the circumstances of each case.

However necessary things may be under normal circumstances, if the party is already amply supplied with them, they cease to be so.

Mrs. Gasquet bought, in one day, articles to the amount of $353, a day or two after leaving her husband.

This was just one-tenth of her husband's annual revenue.

Just previous to her marriage, about a month and a half before her purchase, her husband had furnished her with a complete trousseau, and had opened a bank account for her. She was, therefore, not in need of all the articles she bought, and such trifles as she might desire could have been paid for with her own money.

In weighing the claim that plaintiff looked to the husband, and extended the credit to him, it may not be amiss to state that, not only before marriage, but after she had left her husband and sued for a separation, she had her personal account in her own name at the plaintiff's store.

The defendant is not liable.

Judgment affirmed.

Godchaux, J., recused.

January 24, 1910.

Rehearing refused, February 21, 1910.